UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVIS JONES,

                Plaintiff,

v.                                    Case No. 23-cv-121-pp

JACQUELINE M. HEIDT,

                Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 16), DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 21) AND DENYING DEFENDANT'S SECOND MOTION TO DISMISS (DKT. NO. 26)**

Plaintiff Travis Jones, who is incarcerated at Kettle Moraine Correctional Institution and is representing himself, filed this case under 42 U.S.C. §1983 alleging that the defendant, Jacqueline M. Heidt, sexually abused him when he was incarcerated at Racine Correctional Institution. Dkt. No. 1. On June 13, 2023, the court screened the complaint under 28 U.S.C. §1915A and allowed the plaintiff to proceed on an Eighth Amendment claim based on allegations that Heidt coerced him to have a sexual relationship with her against his will. Dkt. No. 10 at 5.[1] The defendant has filed two motions to dismiss for lack of proper service (Dkt. Nos. 16, 26) and the plaintiff has filed a motion for default judgment (Dkt. No. 21). Because the defendant has been properly served with

---

[1] The court did not allow the plaintiff to proceed against the two other individuals he named as defendants, and it dismissed those individuals. Dkt. No. 10 at 5-6.

1

the complaint, the court will deny the parties' motions and order the defendant to file a responsive pleading.

I.  **Procedural Background**

The court's screening order directed service of the complaint under the informal service agreement between the Wisconsin Department of Justice and this court by which the court electronically transmits a copy the complaint to the Wisconsin Department of Justice for service on the defendant. Dkt. No. 10 at 10. On June 26, 2023, the Department of Justice notified the court that it would not accept service on behalf of the defendant because the alleged conduct is conduct that would be considered outside of the scope of the defendant's employment. Dkt. No. 11. Three days later, the court transmitted the complaint, screening order and summons to the United States Marshals Service for service on the defendant. Dkt. No. 12. On July 17, 2023, the Wisconsin Department of Justice filed a document titled Notice of Improper Service in which it reiterated that it had not accepted service for the defendant. Dkt. No. 13. The notice also stated that Racine Correctional Institution recently had received a mailing from the Marshals Service directed to the defendant and that the Department of Corrections (DOC) could not accept the documents because the defendant no longer was employed by the DOC. Id. On July 19, 2023, the court transmitted the complaint, screening order, Notice of Improper Service and summons to the Marshals Service for service on the defendant. Dkt. No. 14.

On August 21, 2023, the Marshals Service filed a process receipt and return, stating that on August 18, 2023, U.S. Marshals staff had personally served the defendant at 517 E. Wisconsin Avenue at 10:50 a.m. Dkt. No. 20.

## II. Defendant's Motions to Dismiss and Plaintiff's Motion for Default Judgment

On August 11, 2023, counsel filed a notice of appearance for the defendant, dkt. no. 15, and a motion to dismiss under Federal Rules of Civil Procedure 4(m), 12(b)(2) and 12(b)(5), dkt. no. 16. In support of the motion to dismiss, the defendant states that the court lacks jurisdiction over her because the plaintiff failed to properly serve her with the summons and complaint. Dkt. No. 16 at 1. According to the defendant, the court must dismiss the complaint for lack of sufficient service of process and lack of personal jurisdiction because the plaintiff failed to serve her within ninety days of the filing the complaint. Dkt. No. 17 at 3.

On August 21, 2023, the plaintiff filed an unsigned notice/motion for default judgment. Dkt. No. 21. The plaintiff stated that default had been entered against the defendant and that an investigation of his complaint allegations had been conducted and substantiated. Id. at 1. On the same date, the plaintiff filed a response to the defendant's motion to dismiss in which he argued that the court should deny the defendant's motion. Dkt. No. 24. The plaintiff stated that he was not negligent in pursuing service on the defendant and that the court authorized him to proceed *in forma pauperis* under 28 U.S.C. §1915. Id. He also stated that the Marshal contacted him and instructed him to pay $8.00 to serve the defendant, which he did. Id.

3

On August 31, 2023, the defendant filed another motion to dismiss under Rules 4(m), 12(b)(2), and 12(b)(5), in which she contended that the court lacked jurisdiction over her because the plaintiff failed to properly serve her with the summons and complaint. Dkt. No. 26. The defendant contended that the court must dismiss the case because the plaintiff failed to serve her within ninety days. Dkt. No. 27 at 3. The defendant stated that she did not receive the summons and complaint until August 18, nearly seven months after the plaintiff filed the complaint. Id.

**III. Discussion**

Federal Rule of Civil Procedure 4(m) states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The plaintiff filed the complaint on January 30, 2023, but the court is required to screen complaints filed by incarcerated individuals under 28 U.S.C. §1915A; that statute "forbids service of process until screening has been completed." Rodriguez v. McCloughen, 49 F.4th 1120, 1122 (7th Cir. 2022). The ninety-day period for serving the defendant under Rule 4(m) did not begin until June 13, 2023, when the court screened the complaint and ordered service of the complaint on the defendant. See Rodriguez, 49 F.4th at 1123 ("[D]elay caused by screening under § 1915A is 'good cause' for belated service."); see also Graham v. Satkoski, 51 F.3d 710, 712-13 (7th Cir. 1995) (delay by Marshals Service is always "good cause" for belated service).

4

The Marshals Service served the defendant on August 18, 2023, well within ninety days of the court's screening order. The defendant acknowledges that she has been served and counsel has appeared on her behalf. The court will deny the defendant's motions to dismiss.

Federal Rule of Civil Procedure 55(a) says that when a party fails to plead or otherwise defend, "and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The plaintiff never asked the clerk of court to enter default and did not file an affidavit or other proof of default. But more to the point, as the court has discussed above, the defendant filed her first motion to dismiss on August 31, 2023, well within the ninety-day period provided by Rule 4. She did not "fail to plead or otherwise defend." Filing a motion to dismiss is "otherwise defending." There is no basis for the clerk to enter default, and without a default, the plaintiff is not entitled to default judgment. The court will deny the plaintiff's motion for default judgment and set a deadline for the defendant to file an answer or other responsive pleading to the complaint. Once the defendant has answered, the court will issue a scheduling order, setting deadlines for the parties to complete discovery and file dispositive motions.

## IV. Conclusion

The court **DENIES** the defendant's motion to dismiss. Dkt. No. 16.

The court **DENIES** the plaintiff's motion for default judgment. Dkt. No. 21.

The court **DENIES** the defendant's second motion to dismiss. Dkt. No. 26.

The court **ORDERS** that the defendant must file an answer or other responsive pleading to the complaint by the end of the on **January 5, 2024**.

Dated in Milwaukee, Wisconsin this 12th day of December, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**