UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVIS JONES,

                Plaintiff,

v.                                                    Case No. 23-cv-121-pp

JACQUELINE M. HEIDT,

                Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 58) AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 58)**

      Plaintiff Travis Jones, who is incarcerated at Kettle Moraine Correctional Institution and is representing himself, filed this case under 42 U.S.C. §1983 alleging that the defendant, Jacqueline M. Heidt, sexually abused him when he was incarcerated at Racine Correctional Institution. Dkt. No. 1. The court screened the complaint under 28 U.S.C. §1915A and allowed the plaintiff to proceed on an Eighth Amendment claim based on allegations that Heidt coerced him into having a sexual relationship with her against his will. Dkt. No. 10 at 5. The defendant filed a counterclaim in which she seeks damages for rape and intentional infliction of emotional distress. Dkt. No. 40. On November 6, 2024, the plaintiff filed a one-page document in which he requests an extension of time and that the court appoint him a lawyer. Dkt. No. 58.

      The plaintiff states that his legal advisor is at another institution, and that it takes about one and a half months to receive his mail. Id. He asks the court to appoint him a lawyer because "this case is starting to get complicated,"

1

he lacks legal knowledge, he is not able to reach anyone outside of prison to help and he has no funds to reach out to other lawyers. Id. In addition, the plaintiff asks if he can have another sixty-day extension of time. Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To

demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has not satisfied the first requirement for appointment of counsel because he has not demonstrated that he has tried to find a lawyer on

his own. The plaintiff says that he lacks funds to contact lawyers, but he appears to have funds to contact his legal advisor and the court. Nor has he explained why he could not have called lawyers.

In any event, even if the plaintiff had made a reasonable attempt to find a lawyer on his own, the court would deny his motion. Previously the court denied the plaintiff's first motion to appoint counsel, stating:

> The issues the plaintiff identifies in his motion—that he can't afford a lawyer, that his case is complex and that he has no legal knowledge—unfortunately are common to almost every incarcerated plaintiff who files a lawsuit in federal court, and there are not sufficient volunteer lawyers to represent every plaintiff. Nor does the court agree that the plaintiff's case is complex. He has alleged that a single defendant—Heidt—coerced him into having unwanted sexual contact with her. That is a narrow, straightforward claim. The plaintiff knows the facts, and he articulated them well in his complaint. While his motion, brief and affidavit confusingly indicate that he thinks he also has alleged deliberate indifference to medical needs claims, he has not done so. The plaintiff's complaint is clear, understandable and concise. The plaintiff does not allege mental illness or cognitive deficiency.

Dkt. No. 10 at 8-9.

As explained in the court's prior order, the plaintiff's claim is not complex, and his complaint demonstrates that he knows the facts of his case and can articulate them. The plaintiff's subsequent filings—such as a motion for default judgment, response to defendant's motion to dismiss, motion to clarify and motions for extension of time—show that the plaintiff can communicate well and advocate for himself. The court will deny without prejudice the plaintiff's motion to appoint counsel.

As stated above, the plaintiff also requests a sixty-day extension of time. Dkt. No. 58. Presumably, he wants more time to complete discovery and file a

4

motion for summary judgment. The deadline to complete discovery was October 11, 2024, and the deadline for the parties to file motions for summary judgment on the merits was November 12, 2024. Dkt. No. 55. Neither party filed a motion for summary judgment by the deadline, but perhaps this is because the plaintiff filed his motion for extension of time on November 6, 2024, prior to the summary judgment deadline. The court will grant the plaintiff's motion for extension of time and set new case deadlines below. **The court advises the parties that the court will not grant further extensions of the case deadlines without a showing of good cause.**

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 58.

The court **GRANTS** the plaintiff's motion for extension of time. Dkt. No. 58. The court **ORDERS** that the new deadline for the parties to complete discovery is **January 24, 2025**; the new deadline for the parties to file motions for summary judgment on the merits is **February 21, 2025**.

Dated in Milwaukee, Wisconsin this 27th day of November, 2024.

                                       **BY THE COURT:**

                                       **HON. PAMELA PEPPER**
                                       **Chief United States District Judge**